United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DLJ MORTGAGE CAPITAL, LLC,

    Plaintiff,

    v.

JOEY WILLIAMS,

    Defendant.
_____/

No. C 11-4564 PJH

**ORDER GRANTING MOTION TO REMAND AND VACATING HEARING DATE**

    Before the court is plaintiff DLJ Mortgage Capital's ("DLJ Mortgage") motion for an order remanding the above-entitled action to the Superior Court of California, County of Alameda. Defendant Joey Williams filed no opposition to the motion within the time allowed under Civil Local Rule 7-3. The court finds that the motion must be GRANTED.

    A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in favor of remanding case to state court).

    Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate - those involving diversity of citizenship or a federal question, or those to which the United States is a party. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The burden of establishing federal jurisdiction for

purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The complaint at issue, which was filed in Alameda County Superior Court on August 1, 2011, alleges a single cause of action under state law, for unlawful detainer following a non-judicial foreclosure sale in July 2011. The complaint further alleges that on July 20, 2011, DLJ Mortgage served defendant with written notice to vacate the premises. The caption of the complaint states, "Demand of Complaint Does not Exceed $10,000." In the prayer for relief, DLJ Mortgage seeks "possession of the premises," "costs of suit," and "such other and further relief as the Court may deem proper."

On September 14, 2011, defendant filed a notice of removal, asserting federal subject matter jurisdiction on the basis of diversity. See Notice of Removal, ¶ 16. Defendant alleges that diversity jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000.

In the present motion, however, DLJ Mortgage argues that defendant has not met his burden of establishing that this court has either diversity or federal question jurisdiction. DLJ Mortgage asserts that the unlawful detainer action on its face seeks less than $10,000 in damages and constitutes a suit for possession of the underlying property only, thus precluding diversity jurisdiction. As for federal question jurisdiction, DLJ Mortgage notes that the existence of federal question jurisdiction depends on the claims for relief asserted in the complaint, and because the complaint in this action alleges only a single cause of action for unlawful detainer, seeking possession of the subject property, no question of federal law exists.

In ruling on a motion to remand for lack of subject matter jurisdiction, the court looks only to the face of the complaint. See Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998); see also Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 692-93 (9th Cir. 2005).

Here, the court finds no federal question pled in the unlawful detainer action. Nor does the amount in controversy in the unlawful detainer action exceed $75,000. Accordingly, as the court lacks subject matter jurisdiction, the case must be remanded to the Alameda County Superior Court. See Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003)(district court is required to remand state law claims where the court lacks removal jurisdiction); Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989)(subject matter jurisdiction is fundamental and cannot be waived).

    Plaintiff's corresponding request for fees and costs is DENIED.

    The date for the hearing on the motion, previously set for Wednesday, January 25, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated: January 11, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge